STATE OF NORTH CAROLINA v. ROBERT LEE BUTTS

No. 723SC145

(Filed 24 May 1972)

Larceny § 7— sufficiency of evidence

> The State's evidence was sufficient to be submitted to the jury on the issue of defendant's guilt of larceny of $35.00, where it tended to show that defendant was employed at a service station and was authorized to use the cash register, that defendant was authorized to draw money from the register and put a ticket in its place, that the register was $25.00 short one day, that the next day the operator of the service station positioned himself in the attic to watch the register area through a hole he had cut in the ceiling, that the operator observed defendant remove five $5.00 bills from the register

State v. Butts

and put them in his pocket and thereafter observed defendant remove a $10.00 bill from the register and put it in his pocket, and that the cash register was $35.00 short and no ticket was in the register to represent the cash shortage.

APPEAL by defendant from *Godwin, Judge,* 27 September 1971 Session of Superior Court held in PITT County.

Defendant was charged in a warrant with larceny of $35.00. After a trial and verdict of guilty in District Court, defendant appealed to the Superior Court where he was tried *de novo* on the original warrant.

The State's evidence consisted of the testimony of one Jack Harris, operator of an Esso service station in Greenville. His testimony tended to show the following: Defendant had worked for him as a service station attendant off and on for about two years. Defendant was authorized to use the cash register to make sales, make change, and pay for items delivered to the station. Also, as were other employees, defendant was authorized to draw money from the register and put a ticket in its place; this amount would later be deducted from his salary.

When Harris "checked up" on 22 December 1970, the register was $25.00 short. On 23 December 1970 Harris went to the station early for the purpose of observing persons operating his cash register. He climbed into the attic and positioned himself to watch the register area through a hole he had cut in the ceiling. The employees, including defendant, came to work about 7:15 a.m. without knowing of Harris's presence.

A Carolina Dairy truck made a delivery to the station and defendant paid the driver from the cash register. As defendant removed money from the cash register to pay the dairy truck driver, he also removed five $5.00 bills which he put in his pocket. A little later in the morning defendant removed one $10.00 bill from the cash register and put it in his pocket.

After observing this, Harris left the attic and went directly to the register to check it. He found it was short $35.00 and there was no ticket in the register to represent the cash shortage. Harris then confronted defendant, who denied stealing the money, and discharged him. Harris told defendant that he would wait until 4:00 p.m. before issuing a warrant and would

not do so if defendant returned his money. Defendant called the station by telephone about noon and told Harris that he would get the money to him before 4:00 p.m. Defendant did not return and about 4:00 p.m. Harris signed the warrant.

Defendant's evidence consisted of his own testimony. Defendant's testimony tended to contradict the State's evidence in every material respect.

The jury found defendant guilty as charged and he has appealed to this Court.

*Attorney General Morgan, by Associate Attorney Haskell, for the State.*

*Laurence S. Graham for defendant.*

BROCK, Judge.

Defendant assigns as error that his motion for nonsuit was not allowed. The rules for considering the evidence in the light most favorable to the State upon motion for nonsuit is familiar learning and need not be repeated here.

When considered according to the applicable rules, the evidence in this case clearly requires submission to the jury of the issue of defendant's guilt.

No error.

Chief Judge MALLARD and Judge CAMPBELL concur.